### No. 5057.

### SUCCESSION OF HENDERSON RANDALL.

Margaret Morgan, the surviving wife and natural tutrix of the child of the deceased, opposes a creditor's application for the administration, and claims it in her own right and as tutrix of her child.

In the absence of proof to the contrary, it will be presumed that the laws of Mississippi were the same as those of Louisiana on the status of slavery, and that the laws of both States did not authorize slaves to enter into contracts of marriage, so as to create any civil effects.

Therefore, the fact of deceased having married while a slave in Mississippi, did not prevent, notwithstanding the former wife still continued to exist, his lawfully marrying Margaret Morgan in Louisiana, where he resided after his emancipation. Besides, it is not in evidence that Margaret Morgan knew of his having another wife when he married her.

APPEAL from the Parish Court, parish of Madison. *Dennis*, J. *John Ray* and *J. H. Crawford*, for Margaret Morgan, appellant. *Sealey, Morrison* for Amis, appellee.

LUDELING, C. J. This is a contest for the administration of Henderson Randall's estate. Amis, a creditor, petitioned to be appointed administrator.

Margaret Morgan, the surviving wife and natural tutrix of the child of the deceased, opposed Amis' appointment and claimed the administration in her own right and in that of her child. And Utz, another creditor, opposed her claim and asked to be himself appointed, as the largest creditor of the estate.

There was judgment appointing Amis, and Margaret Morgan alone has appealed.

It is attempted to defeat the claim of the widow and tutrix of the heir of the deceased, by attempting to show that Henderson Randall had another wife in Mississippi, whom he had married during the existence of slavery.

In the absence of proof to the contrary, we will presume the laws of Mississippi were the same as those of Louisiana regulating the status of slavery, and that the law of both States did not authorize slaves to enter into contracts of marriage so as to create any civil effects. His having lived in Mississippi with another woman as his wife, while a slave, did not prevent his marriage in Louisiana, where he resided, after his emancipation. Besides, there is no evidence that Margaret Morgan knew of his having another wife when he married her.

Margaret Morgan, the widow of the deceased and the natural tutrix of his child, is entitled to the appointment claimed by her. Sears *v.* Wilson, 5 An. 689; C. C. 1037, 1114.

It is therefore ordered that the judgment of the lower court be annulled, and that there be judgment in favor of Margaret Morgan, appointing her administratrix of the succession of Henderson Randall, according to law. The appellee to pay costs of both courts.